# IN THE UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO. 3:19-cr-00315 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| RODREGUS ROPER ) | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's Motion to Suppress Evidence (Doc. No. 57) and the Government's Response (Doc. No. 61). Through the Motion, Defendant seeks to suppress evidence and statements obtained by officers on July 6, 2019, arguing they did not have reasonable suspicion or probable cause to stop and seize him. The Court held a hearing on the Motion on November 22, 2021. For the reasons discussed below, Defendant's Motion is **DENIED**.

## I. FACTS[1]

On July 6, 2019, the Metro Nashville Police Department received an anonymous tip that Defendant, described as a Black male, was in the Parkwood Community Club with warrants. Based on that anonymous tip, three officers went to the Parkwood Community Club. One of the officers, Officer Hardin, testified at the hearing that he verified Defendant had open arrest warrants, referred to a photograph of the Defendant, and then saw a subject in the Parkwood Community Club that matched the photograph and the description provided by the anonymous tip. The officers then exited their vehicles, stopped Defendant, handcuffed and searched him, found a gun, and asked him questions without issuing *Miranda* warnings.

---

[1] The facts are primarily drawn from the supplement report (Doc. No. 57-1) filed with Defendant's Motion and the testimony and evidence presented during the hearing held on November 22, 2021.

## II.     ANALYSIS

"[I]f police have a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony, then a *Terry* stop may be made to investigate that suspicion." *United States v. Sheckles*, 996 F.3d 330, 343 (6th Cir. 2021). "[A]n anonymous tip without any subsequent corroboration may fail to create reasonable suspicion justifying an investigatory stop[.]" *United States v. Prigmore*, 15 F.4th 768, 778 (6th Cir. 2021) (citing *Florida v. J.L.*, 529 U.S. 266, 270 (2000)). "[W]hen the police make an illegal stop for the very purpose of arresting the person stopped, they are thereby exploiting the illegal stop in a manner prohibited by the Fourth Amendment and the evidence obtained in a pat-down of the arrested suspect or in a search incident to the arrest must be suppressed." *United States v. Hudson*, 405 F.3d 425, 440 (6th Cir. 2005).

In this case, the officers were aware that Defendant had outstanding warrants and positively identified Defendant with reference to a photograph *before* exiting their vehicles to stop and arrest him. Under *United States v. Hudson*, this was enough to create reasonable suspicion to stop Defendant. In *Hudson*, the officers knew that the defendant had outstanding arrest warrants and had received an anonymous tip that a woman, believed to be connected to the defendant, would be driving to work at a certain place and time. *See id.* at 432, 428. The officers encountered a car being driven by the woman identified from the tip with two passengers, but the officers made no attempt to reasonably identify one of the passengers as the defendant prior to initiating the *Terry* stop of the car. *Id.* at 438. The Sixth Circuit held that the stop was not supported by reasonable suspicion, explaining that "had the officers positively, or at least reasonably, identified [the defendant] as a passenger before approaching Potts's car with their guns drawn—for example, by reference to a photograph of [the defendant], or a composite drawing—they would have had

reasonable suspicion to seize the car and its occupants." *Id*. at 434. Accordingly, the Court finds that the officers' verification of Defendant's arrest warrants and reference to Defendant's photograph provided the officers with the requisite reasonable suspicion to stop Defendant. *See, e.g., United States v. Grayer*, No. 20-5842, 2021 WL 3813198, at *2 (6th Cir. Aug. 26, 2021) (affirming denial of motion to suppress evidence obtained as a result of defendant's seizure because the police were aware of the defendant's outstanding warrants and had previously identified him with reference to a picture before seizing him). As Defendant's outstanding arrest warrants provided a lawful basis for arresting Defendant, the Court further finds that the search of Defendant and seizure of the gun were lawful as a search incident to arrest.

Defendant submits that his seizure was made without probable cause requiring suppression of his subsequent statements as fruit of the unlawful seizure. (Doc. No. 57 at 5). Defendant also submits that his statements must be suppressed because the officer prompted Defendant's statements by asking a question reasonably likely to elicit an incriminating response despite Defendant already being in custody and not having been informed of his *Miranda* rights. (*Id*.). Because the Court has found that Defendant's seizure and arrest were lawful, any subsequent statements were not fruit of a poisonous tree. Because the Court has also found the search of Defendant and seizure of the gun were lawful, the incriminating nature of Defendant's statement is not apparent to the Court. Accordingly, the Court will consider objections to the introduction of Defendant's statements as they arise during trial.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Suppress (Doc. No. 57) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE